UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JORDAN HAYNES**,                                     Civil Case No. 3:13-CV-00472-KI

               Plaintiff,

                              OPINION AND ORDER

             v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security

              Defendant.


        Merrill Schneider
        Schneider Kerr & Gibney Law Offices
        P. O. Box 14490
        Portland, Oregon  97293

              Attorney for Plaintiff

        S. Amanda Marshall
        United States Attorney
        District of Oregon

Adrian L. Brown
Assistant United States Attorney
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, Oregon  97204

Thomas M. Elsberry
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington  98104-7075

       Attorneys for Defendant

KING, Judge:

Plaintiff Jordan Ryan Haynes brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for supplemental security income benefits ("SSI").

I reverse the decision of the Commissioner and remand for further proceedings.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits

to people who have contributed to the Social Security program and who suffer from a physical or

mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but

who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to

cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

Page 2 - OPINION AND ORDER

§§ 423(d)(1)(A), 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The evaluation is carried out by the Administrative Law Judge ("ALJ").  The claimant has the burden of proof on the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520 and 416.920.  First, the ALJ determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the

Page 3 - OPINION AND ORDER

claimant from performing work which the claimant performed in the past. If the claimant is able to perform work she performed in the past, the ALJ makes a finding of "not disabled" and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is unable to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. Id. (internal quotation omitted). The court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations. Id.

## THE ALJ'S DECISION

The ALJ found Haynes had severe impairments of attention deficit disorder ("ADD"), by history, and a mood disorder NOS. The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. After reviewing the record,

the ALJ found Haynes had the residual functional capacity to perform a full range of work at all exertional levels but was limited to simple, routine, and repetitive work with no public contact, and would work best alone and not as part of a team. Based on expert testimony, the ALJ found Haynes could work as a warehouse worker and a hand packer.

## FACTS

Haynes alleges he became disabled on September 11, 1991, the day of his birth. He was 20 years old when the ALJ issued his decision. Haynes attended school through the tenth grade and can read at the seventh or eighth grade level. He missed a lot of school due to what he calls behavior problems, and he failed most middle school and high school classes. Haynes was medicated for ADD from the age of eleven to thirteen.

Haynes has never had a job. He lives with his father and stepmother and does household chores, including helping with his two toddler brothers. He watches the boys by himself for a few hours at a time. Haynes plays video games and uses a computer at times, but spends a lot of time in his room.

Haynes complains of having anger issues. His grandparents no longer permit him to stay at their home because of an incident during which he threatened to kill himself and his grandparents. Haynes has weekly episodes in which he throws things and punches walls. Usually when Haynes "snaps," he does not remember later what happened. If he gets irritated with his young brothers, Haynes goes to his bedroom, slams the door, and stays there away from the family. Haynes explained several scenarios in which he attempted a task, got frustrated after having difficulties, got upset, and refused to try further. He has applied for many jobs but was never hired after he explained the problems he has dealing with people. Haynes' grandmother

explains he has trouble concentrating, remembering things, paying attention, and he lacks good personal hygiene.

## DISCUSSION

I.     <u>Physicians' Opinions</u>

Haynes argues the ALJ failed to address limitations concerning his interactions with supervisors, as opined by psychologists Dr. Kay Stradinger and state agency expert, Dr. Paul Rethinger.  Haynes claims the limitation concerning supervisors must be addressed separately from limitations concerning co-workers or the public.

The Commissioner contends the ALJ's residual functional capacity accounts for both psychologists' opinions when viewed together.  The Commissioner observes the case law holding that the court must give deference to the ALJ's rational interpretation of the evidence, even if the plaintiff's interpretation is also reasonable.  <u>Batson v. Comm'r of Soc. Sec.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004).

On November 24, 2009, Dr. Stradinger opined, "The claimant would likely have some difficulty interacting with supervisors, coworkers, and the public on an independent basis and appropriate and effectively, given his uncertainty about his social skills and impulse control with people, as well as his reported history of anger outbursts."  Tr. 322.  On December 30, 2009, Dr. Rethinger concluded Haynes would "require a supervisor who will give criticism very carefully."  Tr. 343.

The ALJ noted both of these limitations in his summary of the medical record, and he gave both psychologists' opinions significant weight.  The ALJ limited Haynes to jobs with no public contact, and observed he would work best alone and not as part of a team.  The ALJ

neither limited Haynes' interactions with supervisors nor rejected this part of the psychologists' opinions.  This is an implied rejection of that portion of the opinions.

The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician.  More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).  If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons.  Id. (treating physician); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician).  Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  Orn, 495 F.3d at 632; Widmark, 454 F.3d at 1066.

The Commissioner's regulation explaining the assessment of a claimant's residual functional capacity states:  "A limited ability to carry out certain mental activities, such as limitations . . . in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work."  20 C.F.R. § 416.945(c).  Thus, the regulation separates interactions with supervisors from interactions with coworkers, underscoring the importance of each.

Jobs vary in the amount of time spent interacting with a supervisor.  I understand the Commissioner's point that the ALJ must translate the medical opinions into concrete job limitations.  See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ translated claimant's pace and mental limitations into the only concrete restrictions

Page 7 - OPINION AND ORDER

available–simple tasks).  But the amount of time interacting with a supervisor is a concrete limitation which could be easily specified.

I find the ALJ erred by not addressing the portions of the psychologists' opinions concerning interactions with supervisors, and thus failed to give clear and convincing reasons to reject them.  The careful criticism limitation seems trickier to specify, but I will leave that up to the expertise of the ALJ.

II.    Claimant's Credibility

Haynes contends the ALJ improperly discredited him.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis.  In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom.  Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007).  The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom.  In the second stage of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of the symptoms.  Id.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  Holahan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001).  General findings are insufficient to support an adverse credibility determination, and the ALJ must rely on substantial evidence.  Id.  "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making

specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

First, the ALJ concluded Haynes' lack of any work history, even before his protected filing date at the age of 18, undermines his credibility. The ALJ observed Haynes' continued attempts to seek employment after his protected filing date and his grandmother's opinion that Haynes lacked ambition. The ALJ found the absence of any work history could be related to the lack of ambition coupled with a difficult economy, and not to a mental or physical limitation.

Haynes claims his lack of work history is irrelevant to his credibility, particularly at his young age and in light of his disability starting at birth. Haynes observes he filed his application for benefits when he was a mere 18 years old, and he applied for jobs but was not hired because of his anger issues.

It is not uncommon for a teenager not to work prior to 18 years of age, even if they suffer from no limitations. I am persuaded, however, by the ALJ's reliance on the grandmother's assessment of Haynes' ambition and Haynes' continued efforts to apply for work after his protected filing date. Both factors are evidence that his limitations are not as severe as he alleges. Thus, the complete lack of a work history is a clear and convincing reason to discredit Haynes.

Second, the ALJ concluded Haynes' daily activities are not limited to the extent expected of a person with the limitations Haynes alleges. The ALJ gave a reasonable summary of Haynes' daily activities to support his conclusion.

Haynes contends his daily activities are not inconsistent with his alleged difficulties in concentrating and getting along with others, and are not indicative of the ability to sustain

full-time work.  The Commissioner argues caring for others in addition to managing household responsibilities casts doubt on a claimant's alleged limitations, relying on <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).  <u>Rollins</u> does not support the Commissioner's argument, however, because that claimant was the mother of two small children who attended to all of their needs because her husband worked six days a week from early morning until 10:00 p.m.  Haynes does not provide this much childcare to his brothers.  He does have a broad list of other activities, however, including household chores, shopping, playing video games, helping his father build picnic tables, and spending time with his girlfriend.  I find this is a second clear and convincing reason to discredit Haynes.

Third, the Commissioner noted the medical record does not support the severity of Haynes' impairments, including the lack of psychiatric hospitalizations, positive response to antidepressants, lack of compliance with therapy and medication even though the response was positive, GAF scores associated with moderate symptoms, and notations from the mental health therapist indicating general problems with Haynes' credibility.

Haynes argues the medical record alone cannot constitute a clear and convincing reason to reject his credibility.  The Commissioner argues the ALJ gave other reasons, making this one valid.  I agree with the Commissioner.  Although the ALJ cannot reject subjective testimony solely because it was not fully corroborated by objective medical evidence, medical evidence is still a relevant factor in determining the severity of the pain and its disabling effects.  <u>Rollins</u>, 261 F.3d at 857.  The Commissioner's summary of the medical record was reasonable.  Thus, this is a third clear and convincing reason to discredit Haynes.

In summary, the ALJ provided sufficient clear and convincing reasons to reject Haynes'

credibility and thus committed no error.

III.    Remedy

Hypothetical questions posed to a vocational expert must specify all of the limitations and

restrictions of the claimant.  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012).  If the

hypothetical does not contain all of the claimant's limitations, the expert's testimony has no

evidentiary value to support a finding that the claimant can perform jobs in the national economy.

Id. at 1162.

The ALJ erred by failing to either reject the psychologists' opinions concerning Haynes'

ability to be supervised or to include a relevant limitation in the residual functional capacity.

Consequently, the hypothetical question was invalid.

The court has the discretion to remand the case for additional evidence and findings or to

award benefits.  McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).  The court

should credit evidence and immediately award benefits if the ALJ failed to provide legally

sufficient reasons for rejecting the evidence, there are no issues to be resolved before a

determination of disability can be made, and it is clear from the record that the ALJ would be

required to find the claimant disabled if the evidence is credited.  Id.  If this test is satisfied,

remand for payment of benefits is warranted regardless of whether the ALJ might have

articulated a justification for rejecting the evidence.  Harman v. Apfel, 211 F.3d 1172, 1178-79

(9th Cir. 2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the

Ninth Circuit, however.  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); Vasquez v.

<u>Astrue</u>, 572 F.3d 586, 593 (9th Cir. 2009) (recognizing split within the circuit on whether the rule is mandatory or discretionary but not resolving the conflict).  The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant.  <u>Connett</u>, 340 F.3d at 876.  On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate."  <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th Cir. 2004).

There are issues to be resolved prior to making a determination.  Even if a limitation concerning supervision is included in the residual functional capacity, vocational expert testimony is required on whether jobs exist which meet the new limitation.  Thus, I remand for rehearing.

## CONCLUSION

The decision of the Commissioner is reversed.  This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above.  Judgment will be entered.

IT IS SO ORDERED.

Dated this _____1st_____ day of April, 2014.

       /s/ Garr M. King
       Garr M. King
       United States District Judge